# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EARLENE SMITH,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:04-CV-06066-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(Doc. 28) |

　　　　Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint against defendant Earlene Smith for discriminating against plaintiff on the basis of his sexual orientation, in violation of the Equal Protection Clause. On December 27, 2005, plaintiff filed a motion for summary judgment.

　　　　Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that

///

there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

"When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)). "But where the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Id. Here, plaintiff must demonstrate there is no triable issue as to the matters alleged in his second amended complaint. Id. This requires plaintiff to establish beyond controversy every essential element of his equal protection claim. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). Plaintiff's evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Plaintiff is basing his motion for summary judgment on the contents of defendant's answer, on plaintiff's desire for defendant to defend herself beyond what she set forth in her answer, and on defendant's failure to file an unenumerated Rule 12(b) motion. (Motion, p. 2.) None of these are grounds support plaintiff's motion.

As the party moving for summary judgment, plaintiff bears the initial burden of setting forth evidence establishing beyond controversy the elements of his equal protection claim. Plaintiff has not done so. The court's earlier finding that plaintiff's allegations were sufficient to state a claim does not establish that plaintiff is entitled to judgment on his claim, and defendant's answer does not contain any admission that she intentionally discriminated against plaintiff by refusing to hire him because of his sexual orientation. Defendant's admissions in her answer that she declined to rehire plaintiff and that she hired or rehired other inmates who had been in segregation, including inmates subject to disciplinary action, fall well short of establishing every essential element of plaintiff's claim against defendant. Further, defendant's failure to respond to plaintiff's letter concerning records and depositions, and plaintiff's desire to have defendant lay her cards on the table with respect to her defense are not grounds entitling plaintiff to summary judgment. (Motion, Memo.,

1:21-2:6.)  Because plaintiff has failed to meet his burden as the party moving for summary judgment, the burden does not shift to defendant to come forth with evidence raising a genuine issue of material fact.

With respect to defendant's failure to file an unenumerated Rule 12(b) motion, defendant may defend this action by filing dispositive motions such as motions to dismiss or motions for summary judgment, or by filing no motions at all.  The deadline for filing an unenumerated Rule 12(b) motion for failure to exhaust was November 30, 2005, and defendant opted not to file such a motion.  The failure to exhaust is an affirmative defense which defendant has the burden of raising and proving.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Plaintiff may not demand that defendant raise the issue, and defendant's decision not to raise the issue does not entitled plaintiff to summary judgment.

In conclusion, the court finds that plaintiff has not met his initial burden as the party moving for summary judgment.  The grounds upon which plaintiff's relies to support his motion are not grounds that entitle him to summary judgment.  The court therefore HEREBY RECOMMENDS that plaintiff's motion for summary judgment, filed December 27, 2005, be DENIED.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 4, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Because plaintiff failed to meet his burden as the moving party and there is no prejudice to defendant in doing so, the court issues this Findings and Recommendations without waiting for defendant's response to the motion.

3