UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ, | CASE NO. 1:04-CV-06066-REC-LJO-P |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 27) |
| EARLENE SMITH, | |
| Defendant. | |

Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint against defendant Earlene Smith for discriminating against plaintiff on the basis of his sexual orientation, in violation of the Equal Protection Clause. On December 9, 2005, plaintiff filed a motion seeking the appointment of counsel.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the

///

likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, the court is unable to make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Terrell, 935 F.2d at 1017.

For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed December 9, 2005, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   January 4, 2006**            /s/ Lawrence J. O'Neill
i0d3h8                              UNITED STATES MAGISTRATE JUDGE