IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES LOWELL KENTZ, | ) | No. CV-F-04-6066 REC/LJO P |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR CERTIFICATION FOR |
| Plaintiff, | ) | IMMEDIATE APPEAL PURSUANT TO |
| | ) | 28 U.S.C. § 1292(b) AND RULE |
| vs. | ) | 54(b), FEDERAL RULES OF |
| | ) | CIVIL PROCEDURE (Doc. 36) |
| | ) | |
| EARLENE SMITH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, proceeding <u>in pro per</u>, moves the court to certify the Order denying his motion for summary judgment for immediate appeal pursuant to 28 U.S.C. § 1292(b)[1] or pursuant to Rule

---

[1] 28 U.S.C. § 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would

1  54(b), Federal Rules of Civil Procedure.[2]

2  Section 1292(b) is to be used only in exceptional situations
3  in which allowing an interlocutory appeal would avoid protracted
4  and expensive litigation. United States Rubber Co. v. Wright,
5  359 F.2d 784, 785 (9th Cir. 1966). Plaintiff must demonstrate
6  that (1) there is a controlling question of law, (2) that there
7  are substantial grounds for difference of opinion, and (3) that
8  an immediate appeal may materially advance the ultimate
9  termination of the litigation. In re Cement Antitrust
10 Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

11 Plaintiff has not made such a showing in the instant motion.
12 It is clear that the basis for plaintiff's motion is his
13 disagreement with the denial of his motion for summary judgment.
14 However, to demonstrate "a substantial ground for difference of

---

> have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

[2] Rule 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

2

opinion" on a question for Section 1292(b) certification, the moving party must show more that its own disagreement with a court's ruling. The term refers to a legal standard applied in the decision for which certification is sought and whether other courts have substantially differed in applying that standard. See Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993).

In certifying an appeal pursuant to Rule 54(b), the district court must first determine that it has rendered a "final judgment," i.e., a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980).

Here, because the court merely denied plaintiff's motion for summary judgment, plaintiff has not made the showing required for certification under Rule 54(b).

ACCORDINGLY:

1.  Plaintiff's motion for certification of appeal pursuant to 28 U.S.C. § 1292(b) and/or Rule 54(b), Federal Rules of Civil Procedure, is denied.

IT IS SO ORDERED.

**Dated: March 1, 2006**           /s/ Robert E. Coyle
668554                            UNITED STATES DISTRICT JUDGE

3