# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ,<br><br>             Plaintiff,<br><br>        v.<br><br>EARLENE SMITH,<br><br>             Defendant.<br>_____/ | CASE NO. 1:04-CV-06066-OWW-LJO-P<br><br>ORDER FOLLOWING TELEPHONIC HEARING<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENAS<br><br>(Docs. 41, 44, 45, 48, 49, 50, 52, 53, 54, and 55)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE<br><br>(Doc. 57) |

    Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint against defendant Earlene Smith ("defendant") for discriminating against plaintiff, in violation of the Equal Protection Clause. Between March 27, 2006, and April 28, 2006, plaintiff filed ten motions for the issuance of subpoenas duces tecum and ad testificandum, and on May 12, 2006, plaintiff filed a motion seeking an extension of the discovery deadline. (Docs. 41, 44-45, 48-50, 52-53, 54-55, and 57.) Defendant did not file a response to the motions.

    On June 23, 2006, at 9:30 a.m., the Court held a telephonic hearing to address plaintiff's pending motions. As clarified by plaintiff during the hearing, plaintiff seeks the declarations of ten

1

non-party witnesses. Following receipt of the declarations and dependent upon the content of the declarations, plaintiff intends to consider deposing one or more witnesses, preferably by telephone.

As discussed during the hearing, there is no authority for the proposition that the Court can issue an order requiring a non-party witness to provide a declaration to plaintiff. Therefore, plaintiff's motions for a court order requiring non-party witnesses to provide him with declarations must be denied. Plaintiff may contact the non-party witnesses and request declarations if he wishes.

Regarding depositions, plaintiff did not represent that he is able is bear the full cost of a deposition, which would include arranging for and compensating a court reporter, and paying for a transcript of the deposition. Fed. R. Civ. P. 30. To the extent that plaintiff is willing and able to bear the full cost of a deposition, plaintiff is not precluded from deposing non-party witnesses. However, a schedule for any such depositions must set within forty-five days from the date of service of this order.[1]

In addition, plaintiff is interested in seeking the production of documents from non-party witnesses. As discussed during the hearing, a written request for the issuance of a subpoena duces tecum requires that plaintiff specify exactly which documents he is seeking. The request must be specific enough to determine what plaintiff seeks. The request cannot be a broadly stated request that amounts to a fishing expedition. The motions for the issuance of subpoenas duces tecum shall be denied, without prejudice. Plaintiff may submit a written request seeking the issuance of subpoenas duces tecum and the Court will consider it. The request must be submitted within twenty days from the date of service of this order and must articulate which documents are sought from which non-party witnesses.

Concerning plaintiff's request for an extension of the discovery deadline so that he may serve defendant with a request for the production of documents, Federal Rule of Civil Procedure 16(b) requires that good cause be shown. As conceded by plaintiff during the hearing, plaintiff's status as a layman unfamiliar with the intricacies of discovery is the reason he did not serve the request during the discovery phase of this litigation. Discovery was opened on September 28, 2005, and the

---

[1] The depositions do not have to occur within forty-five days. However, the depositions must be scheduled, via issuance of a deposition notice, within forty-five days.

2

deadline for completion of discovery was May 30, 2006, which provided the parties with approximately eight months to conduct discovery. Because there has been no showing of diligence in complying with the deadline, there is no good cause for modifying the scheduling order. <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Plaintiff's motion to extend the discovery deadline to serve a request for the production of documents on defendant shall therefore be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions for the issuance of an order requiring non-party witnesses to provide him with declarations and for the issuance of subpoenas are DENIED (documents 41, 44, 45, 48, 49, 50, 52, 53, 54, and 55);

2. Plaintiff's motion for an extension of the discovery deadline is DENIED (document 57);

3. If plaintiff wishes to depose non-party witnesses, the deposition notices must be issued by plaintiff within **forty-five (45) days** from the date of service of this order; and

4. If plaintiff wishes to renew his motion for the issuance of subpoenas duces tecum, he must do so within **twenty (20) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   June 23, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                         UNITED STATES MAGISTRATE JUDGE