# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ,<br><br>    Plaintiff,<br><br>  v.<br><br>EARLENE SMITH,<br><br>    Defendant.<br>_____/ | CASE NO. 1:04-CV-06066-OWW-LJO-P<br><br>ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE STRICKEN FROM RECORD<br><br>(Doc. 71)<br><br>ORDER DIRECTING PLAINTIFF NOT TO RESPOND TO MOTION FOR SUMMARY JUDGMENT UNLESS DIRECTED TO DO SO BY THE COURT |

Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint against defendant Earlene Smith ("defendant") for discriminating against plaintiff on the basis of his sexual orientation, in violation of the Equal Protection Clause. On July 31, 2006, defendant filed a motion for summary judgment.

The Court has reviewed defendant's motion and finds it necessary to require defendant to respond in writing to address the bases for her motion and the Court's concerns. Unless instructed to do so by the Court, plaintiff shall not file a response to the motion.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

This action is proceeding on plaintiff's claim that defendant violated his rights under the Equal Protection Clause by discriminating against him. The Court has issued orders specifically identifying the basis of this action, see e.g. Court Doc. 19, and the second amended complaint pleads no other constitutional claim. Despite this, defendant's motion is almost entirely devoid of any mention of plaintiff's equal protection claim. Instead, defendant argues that plaintiff does not have a protected liberty interest in his prison job and that plaintiff's allegations do not support a claim of deliberate indifference. (Motion, 7:1-8:3 & 9:21-10:20.) The Court is confounded by defendant's decision to argue that she is entitled to judgment as a matter of law on Fifth Amendment due process and Eighth Amendment conditions-of-confinement claims, which are not at issue in this action, while failing to include any section setting forth law or specific argument on equal protection, which is at issue in this action. (Motion, 5:14-10:20.)

Further, defendant cites to 28 U.S.C. § 1915A, a screening statue applicable to cases such as this, and asserts that the Court has discretion to dismiss this action as frivolous. (Motion, 8:18-9:19.) The Court is not usually inclined to view such an argument with favor, as the Court screened plaintiff's second amended complaint pursuant to the screening statute and made a specific finding

1  that plaintiff's allegations stated a claim.  The argument becomes even less favorable given that
2  defendant fails to touch upon this finding and attempt to persuade the Court why its earlier finding
3  was in error, and defendant fails to set forth *any* argument that plaintiff's claim in this action is
4  frivolous.  The entire subsection consists solely of a citation to and discussion of a Fourth Circuit
5  case affirming a district court's dismissal of an action as frivolous.  Defendant makes no attempt to
6  apply the law cited to the facts of this case.

7  Finally, although defendant is purportedly moving for summary judgment, the arguments set
8  forth in the motion are more suited to an attack on the pleadings brought via motion to dismiss rather
9  than an entitlement to judgment as a matter of law based on the evidence submitted by defendant.
10 Defendant does include a Statement of Undisputed Facts, in compliance with Local Rule 56-260(a),
11 but she fails to argue the facts in her motion or even cite to them in her Memorandum of Law.  The
12 Court cannot and will not comb through defendant's Statement of Undisputed Facts and make her
13 arguments for her.  The Court also notes that in the introduction to the motion, defendant cites to
14 Exhibit B and in the Statement of Undisputed Facts, defendant cites to Exhibits A, B, and C.  These
15 exhibits are also referenced by defendant in her declaration.  However, the only evidence before the
16 Court is defendant's declaration.  Exhibits A, B, and C were not submitted with the motion.

17 That the motion submitted by defendant is not what the Court expects to see from practioners
18 in federal court is an understatement.  Given that the motion purports to be one for summary
19 judgment and that this case is proceeding solely on an equal protection claim, the motion is so off
20 point and lacking that the Court views it to be frivolous.  Defendant shall be given the opportunity
21 to show cause why the motion should not be stricken from the record.  If defendant declines to show
22 cause in response to this order or is unable to show cause, the undersigned will recommend to the
23 Honorable Oliver W. Wanger that the motion be stricken.  In the event that the motion is stricken,
24 defendant will be given one final opportunity to file a dispositive motion, but is placed on notice that
25 if a subsequent motion is filed and found to be as deficient as the present motion, defendant will not
26 benefit from the leniency being demonstrated in this instance.

27 ///

28 ///

Accordingly, it is HEREBY ORDERED that:

1. Defendant has **twenty (20) days** within which to show cause why her motion for summary judgment should not be stricken from the record;

2. If defendant either fails to respond or is unable to show cause in her response, the undersigned shall recommend that her motion for summary judgment be stricken from the record; and

3. If the motion is stricken, the Court will issue further instructions to the parties at that time.

IT IS SO ORDERED.

**Dated:     August 2, 2006**                              /s/ Lawrence J. O'Neill
b9ed48                                                           UNITED STATES MAGISTRATE JUDGE