1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CHARLES LOWELL KENTZ,                    CASE NO. 1:04-CV-06066-OWW-LJO-P

10               Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                           FOR RECONSIDERATION OF ORDER
11     v.                                  DENYING MOTION FOR ENTRY OF
                                           DEFAULT OR OTHER SANCTIONS
12  EARLENE SMITH,
                                           (Doc. 63)
13               Defendant.
    _____/
14

15          Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil

16  action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S.

17  388 (1971), which provides a remedy for violation of civil rights by federal actors.  This action is

18  proceeding on plaintiff's second amended complaint against defendant Earlene Smith ("defendant")

19  for discriminating against plaintiff on the basis of his sexual orientation, in violation of the Equal

20  Protection Clause.  On May 31, 2006, the court issued an order denying plaintiff's motion for entry

21  of default or other sanctions.   On June 8, 2006, plaintiff filed a motion for reconsideration.

22  Defendant did not file a response to plaintiff's motion for reconsideration.

23          Plaintiff's original motion, filed April 28, 2006, sought the entry of default or other

24  appropriate sanctions based on defendant's alleged failure to timely respond to plaintiff's

25  interrogatories.  The court denied the motion as premature, finding that "[p]laintiff's motion was

26  filed prior to the date defendant's response to his interrogatories was due and as such, sets forth no

27  basis supporting the imposition of sanctions upon defendant for failure to timely respond to

28  plaintiff's interrogatories." (Doc. 60, 1:25-27.) The due date for defendant's response to plaintiff's

1

1   interrogatories was May 11, 2006, and plaintiff seeks reconsideration on the ground that the May 11

2   deadline has now passed and defendant has not responded to his interrogatories.

3        Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

4   district court.  The Rule permits a district court to relieve a party from a final order or judgment on

5   grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse

6   party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ.

7   P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not

8   more than one year after the judgment, order, or proceeding was entered or taken."  Id.

9        Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin

10  Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

11  (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce

12  the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

13  F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th

14  Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit

15  has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding

16  clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986)

17  (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is

18  reserved for 'extraordinary circumstances.'"  Id.  When filing a motion for reconsideration,  Local

19  Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist

20  which did not exist or were not shown upon such prior motion, or what other grounds exist for the

21  motion."

22       Plaintiff has not met his burden as the party moving for reconsideration.  Plaintiff's motion

23  was fatally deficient when it was filed due to its prematurity and was denied on that ground.  There

24  was no error in the court's ruling, and there are no extraordinary circumstances justifying setting

25  ///

26  ///

27  ///

28  ///

1  aside the order.  Accordingly, plaintiff's motion for reconsideration, filed June 8, 2006, is HEREBY

2  DENIED.

3

4  IT IS SO ORDERED.

5  **Dated:** __**August 16, 2006**__          _____/s/ Lawrence J. O'Neill_____
   b9ed48                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28