# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EARLENE SMITH,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:04-CV-06066-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 72) |

Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint against defendant Earlene Smith ("defendant") for allegedly discriminating against plaintiff on the basis of his sexual orientation, in violation of the Equal Protection Clause. On July 31, 2006, plaintiff filed a motion seeking a preliminary injunction mandating that the Western Regional Counsel for the Bureau of Prisons place a Lesser Security Management Variable against plaintiff's allegedly false custody classification score. Defendant did not file a response.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

1  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
2  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
3  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
4  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
5  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
6  Id.

7       There is no good faith basis for the instant motion.  As plaintiff has been previously notified,
8  federal courts are courts of limited jurisdiction. (Doc. 58.)  Because of this limited jurisdiction, as
9  a threshold and preliminary matter the court must have before it for consideration a "case" or
10 "controversy," Flast v. Cohen, 392 U.S. 83, 88 (1968), and if the court does not have a "case" or
11 "controversy" before it, it has no power to hear the matter in question, Rivera v. Freeman, 469 F. 2d
12 1159, 1162-63 (9th Cir. 1972).  The only claim in this action is that defendant violated the Equal
13 Protection Clause of the Fifth Amendment when she allegedly refused to rehire plaintiff due to his
14 sexual orientation.  The issuance of the order sought by plaintiff in his motion would not remedy the
15 equal protection claim alleged in this action.  The court does not have jurisdiction to issue the order
16 sought, and the court does not have jurisdiction in this action over the Bureau of Prisons or any
17 prison official other than defendant Smith.

18      For the foregoing reason, the court HEREBY RECOMMENDS that plaintiff's motion for
19 preliminary injunctive relief, filed July 31, 2006, be DENIED, with prejudice.

20      These Findings and Recommendations will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
22 **days** after being served with these Findings and Recommendations, the parties may file written
23 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
24 Findings and Recommendations."  The parties are advised that failure to file objections within the
25 ///
26 ///
27 ///
28 ///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 23, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                   UNITED STATES MAGISTRATE JUDGE