# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ, | CASE NO. 1:04-CV-06066-OWW-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE STRICKEN FROM THE RECORD |
| v. | |
| EARLENE SMITH, | (Doc. 71) |
| Defendant. | |

Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint against defendant Earlene Smith ("defendant") for discriminating against plaintiff on the basis of his sexual orientation, in violation of the Equal Protection Clause. On August 3, 2006, the undersigned issued an order requiring defendant to show cause within twenty days why her motion for summary judgment should not be stricken from the record. Defendant was warned that if she either failed to respond or was unable to show cause in her response, the undersigned would recommend that her motion for summary judgment be stricken from the record. Defendant filed a response to the order on August 23, 2006.

The Court's order to show cause stated in relevant part:

On July 31, 2006, defendant filed a motion for summary judgment.

The Court has reviewed defendant's motion and finds it necessary to require defendant to respond in writing to address the bases for her motion and the Court's

///

1

concerns.  Unless instructed to do so by the Court, plaintiff shall not file a response to the motion.

This action is proceeding on plaintiff's claim that defendant violated his rights under the Equal Protection Clause by discriminating against him.  The Court has issued orders specifically identifying the basis of this action, see e.g. Court Doc. 19, and the second amended complaint pleads no other constitutional claim.  Despite this, defendant's motion is almost entirely devoid of any mention of plaintiff's equal protection claim.  Instead, defendant argues that plaintiff does not have a protected liberty interest in his prison job and that plaintiff's allegations do not support a claim of deliberate indifference. (Motion, 7:1-8:3 & 9:21-10:20.)  The Court is confounded by defendant's decision to argue that she is entitled to judgment as a matter of law on Fifth Amendment due process and Eighth Amendment conditions-of-confinement claims, which are not at issue in this action, while failing to include any section setting forth law or specific argument on equal protection, which is at issue in this action.  (Motion, 5:14-10:20.)

Further, defendant cites to 28 U.S.C. § 1915A, a screening statue applicable to cases such as this, and asserts that the Court has discretion to dismiss this action as frivolous. (Motion, 8:18-9:19.)  The Court is not usually inclined to view such an argument with favor, as the Court screened plaintiff's second amended complaint pursuant to the screening statute and made a specific finding that plaintiff's allegations stated a claim.  The argument becomes even less favorable given that defendant fails to touch upon this finding and attempt to persuade the Court why its earlier finding was in error, and defendant fails to set forth *any* argument that plaintiff's claim in this action is frivolous.  The entire subsection consists solely of a citation to and discussion of a Fourth Circuit case affirming a district court's dismissal of an action as frivolous.  Defendant makes no attempt to apply the law cited to the facts of this case.

Finally, although defendant is purportedly moving for summary judgment, the arguments set forth in the motion are more suited to an attack on the pleadings brought via motion to dismiss rather than an entitlement to judgment as a matter of law based on the evidence submitted by defendant.  Defendant does include a Statement of Undisputed Facts, in compliance with Local Rule 56-260(a), but she fails to argue the facts in her motion or even cite to them in her Memorandum of Law.  The Court cannot and will not comb through defendant's Statement of Undisputed Facts and make her arguments for her.  The Court also notes that in the introduction to the motion, defendant cites to Exhibit B and in the Statement of Undisputed Facts, defendant cites to Exhibits A, B, and C.  These exhibits are also referenced by defendant in her declaration.  However, the only evidence before the Court is defendant's declaration.  Exhibits A, B, and C were not submitted with the motion.

That the motion submitted by defendant is not what the Court expects to see from practioners in federal court is an understatement.  Given that the motion purports to be one for summary judgment and that this case is proceeding solely on an equal protection claim, the motion is so off point and lacking that the Court views it to be frivolous.  Defendant shall be given the opportunity to show cause why the motion should not be stricken from the record.  If defendant declines to show cause in response to this order or is unable to show cause, the undersigned will recommend to the Honorable Oliver W. Wanger that the motion be stricken.  In the event that the motion is stricken, defendant will be given one final opportunity to file a dispositive motion, but is placed on notice that if a subsequent motion is filed and found to be

>as deficient as the present motion, defendant will not benefit from the leniency being demonstrated in this instance.

(Doc. 73, 1:22-3:26.)

The Court has reviewed defendant's response to the order to show cause and finds that it is almost entirely non-responsive to the substance of the order. The focus of defendant's response is legal argument and a discussion of the facts, both related to the merits of plaintiff's equal protection claim. With the exception of the missing exhibits issue, discussed in the following paragraph, defendant's only acknowledgment of the deficiencies raised by the Court is one sentence in counsel's declaration in which he states, "Despite the apparent shortcomings in the content and form of defendant's Motion, as identified by the Court in the Order to Show Cause, I respectfully submit that all the necessary facts and law are now before the Court in order to rule and grant summary judgment in favor of defendant, Earlene Smith." (Doc. 84, Kellar Dec., ¶4.) The Court's order was not an invitation to supplement the motion for summary judgment by setting forth legal arguments as to the merits of plaintiff's equal protection claim or to summarize the facts defendant believes entitle her to an order granting her motion for summary judgment. Both should have been done in the motion for summary judgment.

Defendant's response does address the failure to submit Exhibits A, B, and C with her motion. Counsel's law office was having trouble with its scanner and counsel's secretary received permission from a member of the Clerk's Office to send the exhibits by mail. (Id., Kellar Dec., ¶5.) Accordingly, that issue has been addressed to the Court's satisfaction. However, counsel is cautioned that in the future, the Court, not just the Clerk's Office, needs to be notified if exhibits are being submitted separately at a later date , preferably via an electronically filed notice but at the very least by a telephone call to the assigned judge's courtroom deputy or chamber's staff.

As set forth herein, the Court finds that defendant has not shown good cause why her motion for summary judgment should not be stricken from the record and HEREBY RECOMMENDS that the motion be STRICKEN. The Court FURTHER RECOMMENDS that defendant be granted a thirty-day extension of time to file a dispositive motion, to commence upon the issuance Judge Wanger's order addressing this Findings and Recommendations.

3

1        This Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, the parties may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:     August 24, 2006**             **/s/ Lawrence J. O'Neill**
     b9ed48                                        UNITED STATES MAGISTRATE JUDGE