# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ, | CASE NO. 1:04-CV-06066-OWW-LJO P |
| Plaintiff, | ORDER STRIKING CERTAIN SECTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| EARLENE SMITH, | (Doc. 96) |
| Defendant. | |

Plaintiff Charles Lowell Kentz ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's second amended complaint against defendant Earlene Smith ("defendant") for discriminating against plaintiff on the basis of his sexual orientation, in violation of the Equal Protection Clause. Defendant filed a motion for summary judgment on July 31, 2006. On August 3, 2006, Magistrate Judge O'Neill issued an order requiring defendant to show cause within twenty days why her motion for summary judgment should not be stricken from the record on the ground that it was so procedurally deficient that it was frivolous.

Defendant filed a response to the order on August 23, 2006, and on August 24, 2006, Judge O'Neill issued a Findings and Recommendations finding that defendant did not show good cause why her motion for summary judgment should not be stricken from the record, recommending that the motion be stricken, and recommending that defendant be granted a thirty-day extension of time to file a dispositive motion.   On October 16, 2006, the Court adopted the Findings and

1  Recommendations in full, and granted defendant thirty days in which to file a dispositive motion.

2  Defendant filed a motion for summary judgment on November 13, 2006.

3    Judge O'Neill's August 3 order to show cause stated in relevant part:

> This action is proceeding on plaintiff's claim that defendant violated his rights under the Equal Protection Clause by discriminating against him. The Court has issued orders specifically identifying the basis of this action, see e.g. Court Doc. 19, and the second amended complaint pleads no other constitutional claim. Despite this, defendant's motion is almost entirely devoid of any mention of plaintiff's equal protection claim. Instead, defendant argues that plaintiff does not have a protected liberty interest in his prison job and that plaintiff's allegations do not support a claim of deliberate indifference. (Motion, 7:1-8:3 & 9:21-10:20.) The Court is confounded by defendant's decision to argue that she is entitled to judgment as a matter of law on Fifth Amendment due process and Eighth Amendment conditions-of-confinement claims, which are not at issue in this action, while failing to include any section setting forth law or specific argument on equal protection, which is at issue in this action. (Motion, 5:14-10:20.)

(Doc. 73, 2:14-24.)

   The Court has reviewed the renewed motion for summary judgment and it contains, verbatim, the same sections arguing that plaintiff does not have a protected liberty interest in his job and that the denial of his prison job does not rise to the level of an Eighth Amendment violation. (Doc. 71-1, 7:1-8:8 & 9:21-10:20; Doc. 96, 11:1-13:17.) These sections shall be stricken from the record and shall not be addressed by plaintiff in his response.

   It is HEREBY ORDERED that the following sections of defendant's motion for summary judgment, filed on November 13, 2006, are STRICKEN and shall not be addressed by plaintiff: page 11, line 1 through page 12, line 8, and page 12, line 18 through page 13, line 17.

IT IS SO ORDERED.

**Dated:     November 15, 2006**                         **/s/ Oliver W. Wanger**
emm0d6                                                                    UNITED STATES DISTRICT JUDGE